When the will does not give seizin to the executors, they are all entitled to commission only on the sum which came into their hands to pay debts and legacies

A donation of community property, by the husband to one of the children, must be collated one half to the father's estate & one half to the mother's.

*BAILLIO* vs. *BAILLIO.*

APPEAL f om the court of probates of the parish of Rapides.

MATTHEWS, J. delivered the opinion of the court. This is an appeal from a judgment of the court b low, by which the property of the community of the widow and her late husband, is divided, and a partition ordered, of the succession of the latter, among his heirs. The appeal is taken and prosecuted by one of the heirs only, whose husband acted as testamentary executor of the deceased.

The case offers two questions for solution. The first relates to the commission or per centage allowed by law to executors The second arises out of the manner in which the judge *a quo* directed the collection of certain advances which had been made to some of the h irs and descendants, by their father, before his death.

As to the first of these questions, we are clearly of opinion that the decision of the court below was correct. The will did not give

seizin of the suceession to the executors of the

deceased, and consequently they are entitled to a commission on that part of the estate alone which fell into their hands for the purpose of paying debts and legacies, which has been allowed to them. *See O. C. Code, p.* 248 & 179.

The circumstance of the community of property which existed between the widow and heirs of the deceased at the time of his death, renders the second question somewhat difficult to solve.

In the present case, advances were made by donations from the father to some of his children, out of the property of the community, or common stock of acquests and gains belonging to him and their mother, who is still living. In bringing back these donations, a question arises, as to the manner in which they ought to be collated.

The law requires property given in advances to heirs, to be collated to the succession of the donor; and as the husband is master of the community of acquests subsisting between him and his wife during his life time, and may sell, or in any other manner dispose of the effects belonging to such community, it

would seem that a gift made by him to one of his children, which should, after his death, be subject to collation, ought to be returned *in toto* to his succession. But, according to the most celebrated commentator on the French code, which is very similar in its provisions to our own, on the subjects of community of goods between husband and wife, succession, and collation, a contrary doctrine is maintained; which requires that, when the donation is of common property, collation takes place by moiety, although the husband should have been sole agent in the gift or advance to the children; and this appears to us to be equitable. *See* 4 *Toillier, p.* 460, *no.* 464. Collation, however, cannot be required, until the opening of the succession to which it belongs. Admitting that the advances made by P. Baillio to his heirs, must be collated by halves, one moiety to be returned to his succession, and the other to that of his wife, the latter return cannot take place until her succession be opened; this part of the donation must remain undisturbed in the possession of the donees until that event happens. The judge of probates erred in collating the advances made to P. Baillio, as to the

whole mass of the community, and giving to
the widow one half of the aggregate thus form-
ed.    The common property, as it was at the
time of the death of one of the partners, should
have been divided between the survivor and
the heirs of the former; and to the half thus
allotted to said heirs, should be added one
half of the advances made to them, as subject
to collation in the succession of their father;
as the other half cannot legal y be disturbed
until the opening of the succession of the mo-
ther, it should not have been acted on.

It is therefore ordered, adjudged and de-
creed, that the judgment of the court below
be avoided, reversed, and annulled : And it is
further ordered and decreed that the cause be
remanded to the court of probates, with direc-
tions to the judge of said court to proceed to
a partition of the estate belonging to the wi-
dow and heirs of the deceased, agreeably to
the principles laid down in the above opinion.
And it is further ordered, adjudged and de-
creed, that the appelees pay the costs of this
appeal.

*Johnson & Baldwin* for the plaintiff—*Tho-
mas* for the defendants.