(116 So. 493)

No. 26999.

### HOUGHTON et al. v. HOUGHTON et al.

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Fraudulent conveyances** ⬤⟹295(1)—**Evidence held to show that sale of lot by father and subsequent resales thereof were simulations and void.**

   Where, prior to father's death, his sons obtained judgment against him for moneys expended for his account, transfer of lot by father, while suit was pending, for express consideration of $4,000, of which only $10 was paid in cash, and subsequent sales by grantee and his grantee, *held* mere simulations and void.

2. **Words and phrases—"Simulation" is feigned, pretended act, which assumes appearance without reality, and may be disregarded or collaterally attacked.**

   A "simulation" is a feigned, pretended act, which assumes appearance without reality, and, being entirely without effect, it may be disre-

garded or attacked collaterally by any interested person.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Simulation.]

3. **Limitation of actions** ⬤⟹36(3)—**Prescription; pleas of prescription on theory that action was revocatory held not available, where plaintiffs alleged that transaction was simulation.**

   Where plaintiffs, as judgment creditors of grantor of lot, brought action to set aside a transfer of judgment debtor's land, alleging it to be a mere simulation, pleas of prescription based on theory that plaintiffs brought a revocatory action were not a defense, since use of word "fraudulent" in plaintiffs' petition was only to emphasize their complaint that attempt had been made to disinherit them.

4. **Gifts** ⬤⟹4—**Donations; donation was without effect, where statutes were not complied with (Civ. Code, arts. 1540, 1541).**

   Where requirements of Civ. Code, arts. 1540, 1541, providing that a donation inter vivos is without effect until it is accepted by authentic act of donee or unless donee has been put in full possession of property donated, in making an act of donation, were not complied with, act was properly avoided.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Action by Benjamin R. Houghton, Jr., and others against Alice Erkson Houghton and others. From a judgment for the plaintiffs, defendant named appeals. Affirmed.

L. V. Cooley, Jr., of Slidell, for appellant.

S. W. Provensal, of New Orleans, and Benj. M. Miller, of Covington, for appellees.

BRUNOT, J. The plaintiffs are sons of Benjamin Houghton, Sr., who died testate on June 1, 1919. They are the surviving issue of their deceased father and his first wife, Catherine Fogg, who died in 1887. The defendant Alice Erkson Houghton was married to the deceased in 1890. No children were born of this marriage. The deceased, by will, attempted to disinherit his two sons, the plaintiffs in this suit. He bequeathed all

of the property of which he died possessed to his surviving spouse, one of the defendants herein. The plaintiffs opposed the probate of the will, and in that proceeding a judgment was rendered revoking the provision of the will wherein the testator disinherited the plaintiffs, reduced the bequest, made therein to the surviving spouse, to the disposal portion allowed by law, and, in all other respects, held the will to be valid. There was no appeal from this judgment. Prior to the death of their father, the plaintiffs obtained a final judgment against him for money expended by them for his account, and, while the suit, in which this judgment was rendered was pending, their father transferred lot 2 of square 23 in the town of Slidell, which property he acquired from Robert J. Taylor on January 10, 1896, to Henry C. Cockburn, for an expressed consideration of $4,010, of which $10 was paid in cash and a note for $4,000, payable one year after date, and bearing interest at the rate of 8 per cent. per annum, was executed by Cockburn, to represent the credit portion of the purchase price of the property. Prior to the said sale to Cockburn, plaintiffs' father recorded, without consideration, an act in which he donated to the defendant Alice Erkson Houghton the property described in the Cockburn deed. On October 11, 1915, Harry T. Cockburn deeded the property which he had acquired as aforesaid, from the father of the plaintiffs, to Virginia Ritchie, the sister of the defendant Alice Erkson Houghton, for an expressed consideration of $4,000, which was paid and to be paid by advances made and to be made to the defendant Alice Erkson Houghton.

The plaintiffs attack the sales from their father to Cockburn and from Cockburn to Mrs. Ritchie as simulations. A motion to elect was filed. Plaintiffs elected to assert their ownership, as forced heirs, of the interest of their deceased father in the second community and of the community interest of their deceased mother in the first community. A plea of prescription was filed and referred to the merits, answer was filed, the case was tried, and judgment was rendered decreeing the sales from Benjamin R. Houghton, Sr. to Harry Cockburn, and from Harry Cockburn to Mrs. Virginia Ritchie to be simulated and fraudulent, annulling those sales, adjudging the property they purported to convey to belong to the community which existed between Benjamin Houghton, Sr., the deceased, and his surviving spouse, Alice Erkson Houghton, recognizing Alice Erkson Houghton, as widow in community and universal legatee of the deceased, to be the owner of a three-fourths interest in all of the property, including the lots described in the deeds to Cockburn and Mrs. Ritchie, as well as the property shown on the inventory filed in the succession proceedings, avoiding the act of donation made by Benjamin Houghton, Sr., to Alice Erkson Houghton, and subjecting all of said property to the payment of the judgment plaintiffs had obtained against their father in 1914, and which judgment had been revived timely and in a proper proceeding. From this judgment the defendant appealed.

[1] The plaintiffs have not answered the appeal or prayed for any amendment of the judgment. We have carefully read the record. The admitted facts and those facts and circumstances which we find to be satisfactorily established by a reasonable preponderance of the evidence have led us to the conclusion that the sale of lot 2 of square 20 of the town of Slidell by Benjamin Houghton, Sr., to Harry Cockburn, and the subsequent sale of the same property by Cockburn to Mrs. Ritchie, were mere simulations, and were void for that reason.

[2] A simulation is a feigned, pretended act; one which assumes the appearance without the reality. Being entirely without effect, it is held not to have existed, and, for that reason, it may be disregarded or attacked

collaterally by any interested person. This rule is so well recognized that the citation of authority here would be superfluous.

The facts established by the record, other than such as appear in our statement of the case, may be summarized as follows: Harry Cockburn never paid any part of the $4,000 note he executed to represent the price of the property expressed in the deed from Benjamin Houghton, Sr., to him; he was never in possession of the property described in that deed, or any part of it; Benjamin Houghton, Sr., continued to possess the property, and lived on it as his home, until his death. Throughout that time he exercised every indicia of ownership. He collected and applied to his own uses all rent paid by the tenants who occupied a portion of it; he insured the improvements on the property in his own name as the owner thereof; and the deed from Houghton to Cockburn does not create a trust in favor of any one. From the date of that deed to the date of the deed from Cockburn to Mrs. Ritchie, the property described in those deeds was carried on the assessment rolls in the name of Benjamin Houghton, Sr. The taxes were paid, and presumably by Houghton, Sr., in so far as the documents offered in evidence show. In his testimony, Harry Cockburn says that he never paid any part of the $4,000, that the property was merely placed in his name in trust for Mrs. Alice Houghton, and that he transferred it to Mrs. Ritchie without any consideration to him. Mrs. Ritchie is the sister of Mrs. Houghton. She is a resident of a northern state, and from time to time sent her sister small sums of money. The deed from Cockburn to her recites that the consideration for that sale is represented, in part, by the money she had previously sent to her sister, and further sums to be given to her in the future.

We think it is fairly shown that the money Mrs. Ritchie sent to her sister was a gratuity, and hence there was no consideration paid by Mrs. Ritchie for the property.

Without summarizing the testimony further, we will say that the record convinces us that the sales attacked herein are simulations.

[3] Defendant pleads the prescription of one, three, five, ten, and thirty years. This plea was referred to the merits, but the judgment did not pass upon it except indirectly.

The plea of prescription is based upon the theory that plaintiffs have brought a revocatory action herein, because, in their petition, they allege that the deeds they attack were simulated and fraudulent. It is fairly ascertainable from the petition that the word "fraudulent" was used therein to emphasize their complaint that an attempt was made to disinherit them, first, by an act of donation, then by simulated transfers of the aforesaid property, and, finally, by the will of their deceased father; and, as counsel for defendant correctly says in his brief:

"In a simulation there is no real title. It is a mere mask or sham. There is no consideration to support it, and it can be attacked collaterally."

The authorities hold that such a transaction may be ignored or attacked collaterally whenever the interest of another may be affected thereby. McAdam v. Soria, 31 La. Ann. 862; Hibernia Bank & Trust Co. v. La. Ave. Realty Co., 143 La. 962, 79 So. 554.

[4] Articles 1540, 1541, C. C., provide that a donation inter vivos is without effect until it is accepted by an authentic act by the donee, or unless the donee has been put in actual possession of the property donated. As these requirements were not complied with, the district judge properly avoided the act of donation.

For the reasons stated, we think the judgment appealed from is correct, and it is therefore affirmed, at appellants' cost.