200 So.2d 897 (1967)
Mary F. SMITH, Plaintiff-Appellant,
v.
Hewitt RICHARDSON et al., Defendants-Appellees.
No. 10837.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1967.
Rehearing Denied July 27, 1967.
*898 Steven N. Cowel, Shreveport, for appellant.
Harris & Harris, Mansfield, for Hewitt Richardson and Margaret Adkins Lewis, defendants-appellees.
Before HARDY, AYRES and BOLIN, JJ.
AYRES, Judge.
This is a revocatory action wherein plaintiff, as the surviving widow of Milton Smith, seeks to revoke and set aside as null and void a sale by her husband of the family residence to defendant Hewitt Richardson and a subsequent sale thereof by Richardson to defendant Margaret Adkins Lewis.
The basis of plaintiff's attack upon the validity of the deed from Smith to Richardson is that the transfer constituted a gift of an asset of the community of acquets and gains formerly existing between plaintiff and her late husband in violation of the provisions of LSA-C.C. Art. 2404. The sale was attacked, also, as a simulation conceived to deceive plaintiff and to deprive her of her interest in the property. In this effort, defendant Lewis is alleged to have participated. In the alternative, plaintiff seeks to recover of the defendant Richardson, the sum of $1,800 paid him by Margaret Adkins Lewis for the property.
The defenses relate to the reality of the transactions as well as to the adequacy of the considerations paid and to the fact that Margaret Lewis purchased the property upon faith in the public records.
The trial court sustained the validity of the sales. There was judgment accordingly rejecting plaintiff's demands and she appealed.
Plaintiff and her husband were married in 1934. Thereafter, they acquired and lived in a small residence located at Mansfield, Louisiana, until 1964. Both husband and wife were then in their middle 80's. Because of her advanced age and illness, plaintiff was unable to care for herself. For the same reasons, Milton Smith was unable to care for either his wife or himself. During the summer of 1964 plaintiff went to live with a daughter by a former marriage who resides in Shreveport, Louisiana. Soon thereafter, Milton Smith moved in and lived with Hewitt Richardson, a nephew, and his wife who reside in Mansfield, Louisiana. Smith was a sick man, bedridden much of the time, and was admitted to and confined on numerous occasions for treatment in Confederate Memorial Medical Center, Shreveport, Louisiana. He passed away March 17, 1965.
The deed conveying the property from Smith to Richardson is dated November 6, 1964. The consideration recited is $100 "and other valuable considerations." In testifying under cross-examination Richardson stated, with reference to the consideration paid for the property, that Milton Smith was in poor health, unable to care for himself, and had no one to care for him; *899 that Smith moved into his residence and that he thereafter looked after and cared for him, furnished him money, and supplied his needs until his death. During this period an estimation was that he carried Smith to the hospital on at least 20 occasions. Richardson testified the real consideration for the transfer of the property to him was his obligation to look after and care for his uncle so long as his uncle lived, and that he fulfilled this obligation.
A rule with reference to the sufficiency of consideration to support a contract is that:
"If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration."
LSA-C.C. Art. 1900.
The construction which this article has uniformly received clearly authorized the admission of parol evidence to show the real consideration in the equivalent to the cash recited to have been paid. Landry v. Landry, 40 La.Ann. 229, 3 So. 728 (1888). Thus it was held that the obligation of the purchasers to support the vendor and his aged wife during their natural lives was equivalent to the expressed consideration and sufficient to support the contract. See, also: Love v. Dedon, 239 La. 109, 118 So.2d 122, 124 (1960) and the numerous authorities therein cited.
From our review of the record, we find ourselves in agreement with the conclusion reached by the trial court that the transaction between Milton Smith and Hewitt Richardson is not amenable to the charges that it constitutes either a simulation or a donation in disguise for the want of consideration.
A simulation, under the civil law, is defined as:
"A feigned, pretended act, one which assumes the appearance without the reality and, being entirely without effect, it is held not to have existed, * * *."
Black's Law Dictionary, Fourth Edition, p. 1556.
See, also: Houghton v. Houghton, 165 La. 1019, 116 So. 493, 495 (1928); Succession of Bishop, 228 La. 994, 84 So.2d 613, 615 (1955); Freeman v. Woods, 1 So.2d 134, 136 (La.App. 2d Cir. 1941). A transaction is not simulated when an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale. Brown v. Brown, (1878), 30 La.Ann. 966.
The finding that adequate consideration existed to support the sale serves to dispose, also, of plaintiff's contention that the transaction constituted a donation in disguise.
No basis was established for a conclusion that either plaintiff or her husband was deceived or that the purpose of the sale was to defraud either or both of them.
Facts were neither established to serve as a basis for depriving Margaret Adkins Lewis of her right, in purchasing the property, to rely upon the public records nor for requiring Richardson to account to plaintiff for the price received by him in his sale of the property.
The attorney for appellant asserts entitlement to an award of attorney's fees under the provisions of LSA-C.C.P. Art. 1491 for failure of appellees to answer interrogatories within 15 days of their service as required by the article. The record shows that counsel for appellant filed a rule asking that appellees show cause why they should not be held in contempt of court for this action and why appropriate relief should not be granted under LSA-C.C.P. Art. 1511 which provides that such delinquent parties may be required to pay reasonable expenses and attorney's fees when such wrongful action is found by the court to be "without substantial justification." After a hearing the trial judge took the rule under advisement and, on September 13, *900 1965, issued an oral order requiring appellees to answer the interrogatories within 10 days. Appellees complied with this order by filing their answers September 21, 1965. Since the evidence adduced on trial of the rule is not available to this court, it must be assumed that the trial judge acted properly, within the broad discretion which he is granted in such matters, in determining that appellees' action was not "without substantial justification." Appellant's claim for attorney's fees was accordingly properly rejected.
The judgment appealed is therefore affirmed at plaintiff-appellant's costs.
Affirmed.