243 So.2d 876 (1971)
Frank MILANO, Jr.
v.
Nicholas D. MILANO et al.
No. 8124.
Court of Appeal of Louisiana, First Circuit.
February 1, 1971.
*878 Patrick Pendley, of Freeman & Pendley, Plaquemine, for appellant.
Felix H. Savite, Jr., of Simmons & Savoie, Napoleonville, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
Plaintiff Frank Milano, Jr., takes this appeal from the judgment of the trial court sustaining defendants' exceptions of no right of action, no cause of action and prescription, and dismissing plaintiff's action to declare certain transfers of real property from plaintiff's father to plaintiff and defendants (plaintiff's brothers and sisters), to be simulated transactions. Appellant voluntarily dismissed his action as to certain third parties who purchased some of the property in question from appellant and one of appellant's brothers. We reverse, in part, the judgment rendered below and remand this matter for further proceedings.
Appellant's petition, filed June 27, 1969, alleges that the property in question formed part of the community which existed between plaintiff's parents, Frank Milano, Sr. and Marie V. Milano, who died on September 7, 1954 and May 6, 1962, respectively. It is further alleged that following Mrs. Milano's demise, the successions of said decedents were opened jointly by a petition allegedly presented on behalf of all said decedents' heirs, and that judgment of possession was rendered therein on August 22, 1962. The petition alleges the heirs to be Frank Milano, Jr., Nicholas D. Milano, Michael Milano, Sr., Leo Milano, Sr., Lorenzo Milano and Marie Milano Hebert, all children of decedents, and Melvin Milano, Datherin Milano, Marriet Milano Kolb and Harriet Milano, children of decedents' predeceased son, Joseph Milano. The petition and all succession proceedings were signed only by Nicholas Milano notwithstanding all of the named heirs were alleged to be petitioners. Appellant maintains he did not participate in said succession proceedings and that he did not authorize his brother Nicholas to represent him therein. On August 23, 1962, judgment of possession was rendered in the succession proceedings declaring said decedents to have died intestate and recognizing the named children and grandchildren as decedents' sole heirs and, as such, recognizing them as owners, in the proportions of one-seventh to each of the six surviving children and one-twenty-eighth each to the surviving grandchildren, of certain real property described in the judgment and also an account in the First National Bank, Donaldsonville, Louisiana. Appellant was tendered a check dated August 23, 1962, in the sum of $659.94, representing his one-seventh of the account, which check appellant alleges has never been cashed.
The petition further alleges that decedent Frank Milano, Sr. died testate leaving a will dated April 1, 1953, which testament was in the possession of defendants when the succession proceedings were had, but that no effort was made to probate the instrument. Assertedly, the will, dated prior to all of the transfers in question, bequeaths to each of decedent's children the same property purportedly transferred by the various inter vivos deeds. It is expressly alleged that appellant transferred to Joseph T. Bonadona one of three parcels received in the manner indicated, and that a parcel similarly acquired by defendant, Nicholas D. Milano, was transferred to Harold C. Smith. Margie Solar Randazzo and certain other parties, vendees of Bonadona, were made defendants along with Smith. Appellant also avers that certain property described in Paragraph 15 of his petition and belonging to the paraphernal estate of his mother was sold by the father to defendant Nicholas Milano, which sale is invalid.
*879 The petition prays that all properties be returned to decedents' successions and be divided equally among the heirs. Alternatively, it is prayed that the sales be decreed donations in disguise in excess of decedent's disposable portion and collation thereof be ordered. In the further alternative, it is requested that Mrs. Milano's half of the community property involved be returned to her estate and distributed equally among her heirs, pursuant to LSA-C.C. art. 2404.
By stipulation, plaintiff's demands against the third parties claiming through purchase from plaintiff and defendant, Nicholas Milano, were dismissed.
Defendants-co-heirs filed exceptions of no right and no cause of action based on the contention that appellant was a joint petitioner in the successions of the parents of the litigants and "that final judgment was rendered therein on August 22, 1962, and that matters once settled by a court of competent jurisdiction can never be called into question by the parties or their privies when the judgment has become final." In addition, defendants filed exceptions of prescription of 1, 2, 3, 5 and 10 years in opposition to appellant's claim for collation.
The trial court sustained defendants' exceptions of no cause and no right of action as to plaintiff's demand for judgment declaring the transactions simulations. This determination appears based on the finding that appellant accepted the benefits of the transfers by selling a portion of the property he received. Plaintiff's rights were reserved, however, to pursue the issue of whether the father sold property belonging to the mother's paraphernal estate. The court also held that it mattered not that the sales were simulations, because in that event, the property passed to the respective legatees pursuant to decedent's will. With respect to the claim for collation, the trial court held that where there is a donation by one spouse, collation is due to that spouse's estate alone and here only the father was concerned, and as to him, prescription had run. Lastly, the trial court held that assuming collation were due the mother's estate, plaintiff was barred from such relief because of his joinder in the succession proceedings and acceptance of a check for $659.94, accepted by plaintiff in a distribution of cash funds belonging to the estates of the parents and also because of his acceptance of a portion of the real estate to the extent of his selling to a third party.
The trial court expressly reserved plaintiff's right to set aside as null the sale by Frank Milano, Sr. of certain property allegedly belonging to the paraphernal estate of decedent Marie V. Milano.
In his brief before this court, counsel for appellant states that all demands have been waived save that to declare the purported inter vivos transfers to be simulations However, in oral argument before us, counsel for appellant vigorously reurges his alternative contention that the transfers were donations in disguise and therefore subject to collation.
The trial court observed that in essence plaintiff's claims were essentially for collation, and in this assessment we concur.
A simulated transaction is one declared to be feigned or pretended. In legal effect, it is without existence. It is a sham inasmuch as the true intent of the parties is that no transfer take place but rather that title remain in the purported vendor because no consideration whatsoever was paid. Successions of Webre, 247 La. 461, 172 So.2d 285; Pounds v. Yancy, La.App., 224 So.2d 1.
As contended by appellant, the action in simulation is imprescriptible, LSA-C.C. art. 2239; Succession of Webre, above.
If any consideration whatsoever is paid, a transaction may not be set aside as a simulation.
Whether or not a transaction is simulated is a matter to be decided in the light of the circumstances of each case.
*880 He who alleges simulation must bear the burden of proof.
With regard to simulations, LSA-C.C. art. 2480 declares as follows:
"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
In the instant suit, it is not alleged that the vendor reserved to himself the usufruct of the properties conveyed or that he retained possession thereof. The sole allegation in support of the claim of simulation is that the will left by his deceased parent purports to bequeath each child the exact same property in the same proportions, as purportedly conveyed in the subsequent transfers, is evidence that the conveyances were mere simulations.
We find no merit in the argument. It is elementary that no transfer occurs pursuant to a will until the testator's demise. Execution of a testament does not prevent or prohibit a testator from subsequently conveying the bequeathed property to the legatee by inter vivos act. Such a conveyance constitutes a revocation of the bequest. LSA-C.C. art. 1695. The mere existence of a will does not, in our judgment, per se characterize as a simulation the subsequent inter vivos transfer by the testator to a legatee of the same property bequeathed to the legatee in a will. The circumstances usually accompanying a simulation, namely, reservation of usufruct or retention of possession by the seller, are not even alleged herein. Nevertheless, whether the transactions were in fact simulations must be determined in the light of all attending circumstances which are not before us inasmuch as the issue of simulation was not fully tried below.
Because plaintiff allegedly accepted the benefits of the transfer by selling a portion of the property received does not, under the circumstances, necessarily estop plaintiff from alleging the transactions were simulated. The date of plaintiff's transfer does not appear of record. If plaintiff's transfer antedated the death of decedent Frank Milano, Sr., and if the transactions be found simulated, it may be that plaintiff's said transfer was for the account of his ancestor. Moreover, estoppel is an affirmative defense which must be specially plead by answer. LSA-C.C.P. art. 1005. For these reasons, we reverse the judgment of the trial court insofar as it held plaintiff was estopped from claiming the transactions were simulated.
Since the action for simulation is imprescriptible, it follows that appellant is entitled to a full hearing on this issue.
The trial court correctly sustained defendants' exception of no right of action as to plaintiff's alternative demand that the transactions are in violations of LSA-C.C. Article 2404 which protects a wife against the gratuitous transfer of community property by the husband. It is settled law that the rights of the wife pursuant to Article 2404, above, are personal to her. Wisner et al. v. City of New Orleans et al., 169 La. 1127, 126 So. 681; Alfonso v. Alfonso, La. App., 160 So.2d 294.
Collation is the fictional or real return of property to a succession made by an heir who has received in advance a share of his inheritance, in order that such property may be divided among all the heirs together with the other aspects of the succession. LSA-C.C. art. 1227.
The law contemplates perfect equality among heirs and presumes that an ascendant intends such equality. To maintain this equality, the rules of collation were formulated. Succession of Webre, 247 La. 461, 172 So.2d 285; Succession of Browne, La.App., 176 So.2d 217.
Sales of immovables by a parent to a child may be attacked by the forced heirs, *881 as containing a donation in disguise, if it be shown that no price was paid or that the price was one-fourth below the real value of the immovable sold, at the time of sale. LSA-C.C. art. 2444.
Pursuant to LSA-C.C. art. 2444, an heir may demand collation of property sold by his father or mother to another child for no consideration or at a price less than one-fourth its value at the time of sale. Pounds v. Yancy, La.App., 224 So.2d 1; Succession of Rolling, La.App., 127 So. 2d 292.
Children and grandchildren must collate to the successions of their parents and other ascendants what has been received by donation inter vivos. LSA-C.C. art. 1228.
The obligation to collate is presumed. LSA-C.C. art. 1229, 1230.
To avoid the effect of collation the donor must expressly declare his intent to confer an extra part or advantage to the donee. LSA-C.C. art. 1231. Such intent must be express and unequivocal. Dawson v. Ohio Oil Co., 153 La. 657, 96 So. 508.
Collation may be made either in kind or by taking less. LSA-C.C. art. 1251.
Insofar as appellant seeks collation to the estate of Frank Milano, Sr., his right of action was correctly held prescribed by the trial court. The ten year prescription established in LSA-C.C. art. 3544, is applicable to collation. Succession of Webre, 247 La. 461, 172 So.2d 285; Pounds v. Yancy, 224 So.2d 1.
As regards collation due the estate of the mother with respect to community property transferred by a father to a child pursuant to a donation in disguise, the ten year prescriptive period provided in LSA-C.C. art. 3544, does not begin to run until the mother's death. Succession of Webre, 247 La. 461, 172 So.2d 285.
In the instant case this ten year period had not run as to Mrs. Milano's estate. Appellant's claim to collation as to the mother's half was therefore not prescribed. Succession of Webre, above. In holding otherwise, the lower court erred.
Our jurisprudence, however, is established to the effect collation can be made only to the succession of the donor (and spouse in community), and when the successions have passed out of existence by virtue of judgments placing the heirs in possession, collation is no longer possible because collation cannot be required of co-proprietors. Himel v. Connely, 221 La. 1073, 61 So.2d 876. Stated otherwise, once a judgment of possession has been rendered in a succession proceeding, the heirs are without right to obtain collation therein.
In the instant case, appellees maintain that appellant is without right of collation as due Mrs. Milano's estate because the succession has been closed and the heirs placed in possession. Appellant maintains, however, that a fraud was perpetrated on the trial court inasmuch as the will of decedent Frank Milano, Sr. was disregarded by defendants who provoked the probate proceedings. In addition, appellant maintains that he did not participate in the succession proceedings of either his father or mother, nor did appellant authorize Nicholas Milano, the sole signatory to the proceedings, to represent appellant therein.
For obvious reasons, it would be unconscionable to apply the rule in Himel v. Connely, above, to an heir who did not participate in the succession proceedings and who was not cited to appear therein. We hold therefore that appellant is not precluded from claiming collation as regards the estate of his mother unless it be shown that he either appeared in said succession proceedings or authorized Nicholas Milano to represent him therein or that he was cited to appear therein. This, of course, is a factual issue which can only be determined after a full evidentiary hearing.
It is ordered, adjudged and decreed that: (1) The judgment of the trial court dismissing appellant's action for simulation is therefore reversed and set aside; (2) the *882 judgment of the lower court sustaining defendants' plea of ten years prescription to the claim of plaintiff for collation to the estate of Frank Milano, Sr. be affirmed and plaintiff's claim in this respect be dismissed, with prejudice; (3) the judgment of the trial court sustaining defendants' exception of no cause and no right of action to plaintiff's claim for collation to the estate of decedent Marie V. Milano, be and the same is hereby reversed and set aside, and judgment rendered herein dismissing said exceptions as to said claim; (4) that the judgment of the trial court sustaining defendants' exception of no cause of action as to plaintiff's claim to enforce the rights of decedent Marie V. Milano pursuant to LSA-C.C. art. 2404 is affirmed, and plaintiff's demands in this respect be rejected and dismissed with prejudice; (5) the judgment of the trial court reserving to plaintiff the right to pursue his claim to set aside certain alleged sales by Frank Milano, Sr. of property belonging to the paraphernal estate of decedent Marie V. Milano is affirmed, and (6) that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed; costs of this appeal to be paid one-half by plaintiff and one-half by defendants, jointly.
Amended and remanded.