281 So.2d 863 (1973)
Succession of Jimmie David TROUARD and Louise Derouen Trouard.
Beulah CARPENTER et al., Plaintiffs-Appellants,
v.
Patricia Ann Trouard HEIMBACK et al., Defendants-Appellees.
No. 4266.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1973.
Rehearing Denied September 14, 1973.
*864 Raleigh Newman, Lake Charles, for plaintiffs-appellants.
Smith & Wise, by W. J. Wise, Jr., and Alvis J. Roche, Lake Charles, for defendants-appellees.
Before HOOD, CULPEPPER, and MILLER, JJ.
HOOD, Judge.
This is an action to annul a judgment of the district court which recognizes the five surviving children of Mr. and Mrs. Jimmie David Trouard, both deceased, as the sole heirs of said decedents. The suit was instituted by four of the children of the decedents against the surviving widow and children of the fifth child, who died after the above-mentioned judgment of possession was signed. The trial court rendered judgment sustaining an exception of no cause of action filed by defendants and dismissing this suit. Plaintiffs have appealed.
The principal issue presented is whether a judgment of possession may be annulled solely on the ground that at the time the judgment was rendered the heirs were unaware of the existence of a will, which was later discovered and which provided for collation by one of the heirs.
The facts are that Jimmie David Trouard died on April 1, 1970, and his widow, Louise Derouen Trouard, died on June 9, 1970. They were survived by five children, issue of their marriage, one of whom was Clifford Trouard. After the death of Mrs. Trouard, all five of the children of the decedents joined in a petition in which they alleged that their parents had died intestate, that petitioners accepted their successions unconditionally, and that they were entitled to be put in possession of the property left by said decedents Pursuant to that petition, a judgment was signed by the district judge on January 29, 1971, recognizing the five children as the sole heirs of Mr. and Mrs. Trouard, and sending them into possession of the estates left by said decedents.
On March 5, 1971, all five of the children of the decedents executed an act of partition, in which they partitioned or divided in kind all of the property which they had inherited from their parents. In that agreement each child expressly warranted the title to the part of the property which was conveyed to and received by every other party to the partition. Each of the plaintiffs in this suit warranted the title to the part of the property which was received by Clifford Trouard in that partition.
After that partition agreement was entered into, Clifford Trouard died, leaving his widow and three children as his sole survivors. On January 24, 1972, a judgment was rendered by the district court recognizing these survivors as the sole heirs of Clifford Trouard and sending them into possession of the property owned by said decedent at the time of his death.
On October 6, 1972, four of the surviving children of the late Mr. and Mrs. Jimmie David Trouard (being all of the children of said decedents except Clifford *865 Trouard) instituted this action against the heirs of Clifford Trouard, deceased, to annul the judgment of possession which was signed on January 24, 1971. They allege in that petition that on February 14, 1972, they "were notified" that Jimmie David Trouard had left a will which contained the following stipulation:
"I have previously advanced to my son, Clifford Joseph Trouard, the sum of $6,000.00 and this advance is to be accounted for out of the inheritance, in other words, he must collate this sum in the final settlement of my estate among my children."
On the basis of that allegation, plaintiffs demand that the judgment of possession rendered on January 24, 1971, be set aside, and that the succession of Mr. and Mrs. Jimmie David Trouard, deceased, be reopened as a testate succession.
Defendants filed exceptions of no cause of action, and after a hearing judgment was rendered by the trial court sustaining those exceptions and dismissing the suit. This appeal was taken from that judgment.
The trial judge, in his reasons for judgment, observed that the decedent, Jimmie David Trouard, "had left a will dated September 24, 1968, in which he bequeathed all of his property to his children in equal proportions subject to a usufruct given his wife", and that the will also contained the above-quoted provision relating to advances to and collation by Clifford Trouard. Since the will purports to dispose of the testator's property in the same manner as it would be disposed of without a will, except for the stipulation as to collation, it is apparent that plaintiff's purpose in seeking to annul the judgment of possession is to enable them to demand collation from the defendants.
The grounds upon which the nullity of a final judgment may be demanded are set out in Articles 2002 and 2004 of the Louisiana Code of Civil Procedure. Plaintiffs do not contend that any of the grounds listed in Article 2002 exist here, but they do argue that the judgment should be annulled on the ground that it was obtained by "ill practices," as provided in LSA-C.C.P. art. 2004.
Article 2004 provides that "A final judgment obtained by fraud or ill practices may be annulled." There are no allegations of fraud in the original and supplemental petitions filed in this suit. Plaintiffs argue, however, that they have shown "ill practices" by alleging that they were not aware of the existence of a will left by one of the decedents when the judgment of possession was signed, and that they did not discover the will until after the judgment had been rendered. To support that argument, plaintiffs rely on official comments appearing under that article to the effect that the adoption of Article 2004 was not intended to change the existing law, and that much discretion is left to the court in annulling judgments on the ground of "ill practices."
We agree with plaintiffs that the trial court has much discretion in determining whether a judgment should be annulled because of fraud or ill practices. Muller v. Michel Lecler, Inc., 266 So.2d 916 (La.App. 4th Cir., 1972). A judgment may be annulled on the ground of "ill practices," even though no actual fraud or intentional wrong has been committed in the procurement of the judgment, if it is shown that the enforcement of the judgment would be unconscionable and inequitable and would deprive the litigant who seeks the annulment of legal rights to which he is entitled. Leidig v. Leidig, 187 So.2d 201 (La.App. 3rd Cir., 1966).
In the instant suit the trial judge, in exercising the discretion vested in him, determined that plaintiffs are not entitled to have the judgment of possession annulled. We have decided that he did not abuse his discretion in making that determination.
We have already observed that plaintiffs' purpose in seeking to have the *866 judgment of possession annulled is to enable them to demand collation from defendants. Our law is settled, however, that collation is barred after the heirs unconditionally accept a succession and obtain judgment putting them in possession of the property. Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir., 1966); Succession of McGeary, 220 La. 391, 56 So.2d 727 (1952); Doll v. Doll, 206 La. 550, 19 So.2d 249 (1944); Succession of Webre, 247 La. 461, 172 So.2d 285 (1965); Milano v. Milano, 243 So.2d 876 (La.App. 1st Cir., 1971). See also 27 La.L.Rev. 452-453. Plaintiffs thus have no legal right to demand collation under the circumstances presented here, and they would not be deprived of any such right if the judgment of possession is enforced.
We are aware of the established rule that if there are nullities in the succession proceedings and the judgment therein is attacked and set aside because of those nullities, the right to demand collation would not be precluded by the former judgment. Succession of Delesdernier, supra. That rule, however, does not authorize the annulment of a judgment of possession solely on the ground that some of the heirs later discovered facts which indicated that they may demand collation. Our interpretation of the above-stated rule is that if the judgment of possession is annulled on other grounds, then the right to demand collation may be asserted, since the void judgment must be regarded as never having had any effect.
Plaintiffs also point out that LSA-C.C.P. art. 3393 authorizes the reopening of a succession if other property of the succession is discovered or "for any other proper cause." They contend that successions are reopened frequently to include properties which were omitted from the inventory or from the judgment of possession. They argue that the later discovery of a will in the instant case constitutes a "proper cause" to annul the judgment of possession and to reopen the succession of Mr. and Mrs. Jimmie David Trouard as a testate succession. We agree that successions are reopened occasionally to include properties which were omitted from the inventory or from the judgment of possession. We, however, do not interpret Article 3393 of the Code of Civil Procedure as authorizing the annulment of a judgment of possession or the reopening of a succession after a judgment of possession has been rendered, solely to enable some of the heirs to demand collation from other heirs, all as prohibited by the abovecited jurisprudence.
The record also shows that plaintiffs warranted the title to the property which was received by Clifford Joseph Trouard in the partition agreement which was entered into by all of the parties on March 5, 1971. In the instant suit, plaintiffs are attacking defendants' title to the property which they conveyed to him, with warranty, after the judgment of possession was signed. It is not necessary for us to decide what the effect of that warranty would be in the event the judgment of possession is annulled, but we do conclude that in view of that partition agreement, and the above-mentioned warranty of title by plaintiffs, the enforcement of the judgment of possession which is at issue here would not be unconscionable or inequitable.
Our conclusion is that under the circumstances presented here, there is no error in the judgment of the trial court sustaining the exceptions of no cause of action filed by defendants.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.