WILLIAMS, Judge.
This is a revocatory action. Plaintiff is the surviving widow of Eugene Walker, Sr., and seeks to revoke and set aside as null and void a sale made by her to her granddaughter, Geneva Walker Wilson. The property described in the deed of conveyance consists of two lots. Plaintiff acquired an undivided one-fourth interest in the property by inheritance from her daughter, Grace Walker Scott, who died March 7, 1971. On March 10, 1971, plaintiff reached the considerable age of 100 years, and on this date the authentic act of sale was confected by her to defendant.
Plaintiff’s attack upon the validity of the deed is based on the grounds that the sale is a simulation conceived by defendant to defraud plaintiff of her interest in the property. In the alternative, plaintiff seeks to have the sale set aside as a disguised donation. Further in the alternative plaintiff seeks to have the sale set aside due to lesion beyond moiety.
Defendant, answering plaintiff’s petition, admits the deed was executed by plaintiff and declares the consideration therein was real and adequate. The trial court held there was no fraud practiced upon plaintiff, the sale was a valid one and not a simulation. Plaintiff died prior to the signing of a judgment. Five of her surviving children were substituted as parties plaintiff. Judgment was then signed rejecting plaintiffs’ claims and this appeal was taken.
The original trial was had July 18, 1973, and on this date plaintiff was 103 years of age. She had been a widow since 1926. On March 7, 1971, Grace Walker Scott, also a widow, one of seven surviving children of plaintiff, died intestate and without descendants. She was the sole owner of the two lots located in Winnfield, Louisiana. On March 10, 1971, defendant, Geneva Walker Wilson, daughter of Arnold Walker, one of plaintiff’s sons, requested an attorney in Winnfield to prepare a deed for plaintiff to sign in defendant’s favor of the interest plaintiff inherited from her daughter, Grace Walker Scott. The consideration recited is “$200.00 and other valuable consideration.” The deed was duly executed in authentic form with two witnesses and a Notary Public (the attorney who prepared it) signing. Plaintiff signed by making her mark.
Plaintiff testified at the trial on July 18, 1973, and in spite of her advanced years, was able adequately to respond to questions put to her. The trial judge, in reasons for judgment, stated:
“ * * * The Court observed plaintiff in the Court Room and on the witness stand and listened closely to her answers and observed intently the motions she gave in response to the questions directed to her. From her answers and the nods of her head, plaintiff established affirmatively from her own testimony that she was in fact conveying this property .to defendant in this cause.”
Defendant readily admitted there was no cash paid by her to plaintiff. Defendant was very close to her Aunt Grace and knew her aunt owed considerable debts at her death. There was a hospital bill of $1,393.90 at Winnfield General. This sum was reduced by insurance payments of $1,133.90 and the balance Geneva paid by November, 1971. In addition to these payments defendant paid the city, state and parish taxes for 1971 on the property, plus some $40 on the Aunt’s funeral bill. It is these payments which defendant claims were the true consideration for the sale by plaintiff to her. Objection was made to plaintiff’s and other witnesses’ parol testi *893 mony to prove the consideration was not actually given. The law on this is stated in Elrod v. Le Ny, 193 So.2d 299 (La.App., 4th Cir. 1967) as follows:
“The law is well settled that a sale of immovable property in the form of an authentic act which recites consideration cannot be attacked by a party thereto who attempts to controvert the recital of consideration in the act by proving that the consideration was not actually given, unless: fraud, mutual error, or force is alleged, written evidence in the nature of a counter-letter is available, or the lack of consideration is indicated by answers to interrogatories or requests for admissions of fact. . . .” [193 So.2d 299, 300]
The trial court allowed testimony to be given and we are in agreement because the allegations in plaintiff’s petition, atlhough vague, do plead fraud and simulation. The Notary and two witnesses testified plaintiff signed the deed by her mark and they in turn signed the instrument. Defendant testified her grandmother understood the terms of the deed, and that defendant agreed to pay all of her Aunt Grace’s debts and this constituted the consideration for plaintiff conveying the property. In Smith v. Richardson, 200 So.2d 897 (La.App., 2d Cir. 1967) this court stated:
“A rule with reference to the sufficiency of consideration to support a contract is that:
‘If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.’
“LSA-C.C. Art. 1900.
“The construction which this article has uniformly received clearly authorized the admission of parol evidence to show the real consideration in the equivalent to the cash recited to have been paid. Landry v. Landry, 40 La.Ann. 229, 3 So. 728 (1888). ...” [200 So.2d 897, 899]
The trial court stated it was convinced no fraud was practiced upon plaintiff and there was no mutual error or force in the matter. Our review of the record convinces us this conclusion is correct. The sums paid by defendant are serious. In Smith, supra, we stated:
“A simulation, under the civil law, is defined as:
‘A feigned, pretended act, one which assumes the appearance without the reality and, being entirely without effect, it is held not to have existed, * * * >
“Black’s Law Dictionary, Fourth Edition, p. 1556.
“See also: Houghton v. Houghton, 165 La. 1019, 116 So. 493, 495 (1928); Succession of Bishop, 228 La. 994, 84 So.2d 613, 615 (1955); Freeman v. Woods, 1 So.2d 134, 136 (La.App. 2d Cir. 1941). A transaction is not simulated when an actual consideration, no matter how inadequate, has been paid by the purchaser in an alleged sale. Brown v. Brown (1878), 30 La.Ann. 966.” [200 So.2d 897, 899]
We find the payments, although made by defendant some time after the deed was executed, were, none the less, true and adequate consideration for plaintiff’s execution of the deed. We have found no proof of an intent to deceive or defraud plaintiff. In finding the act of conveyance not a simulation, there is no merit in plaintiff’s contention the conveyance constituted a donation in disguise. LSA-C.C. Art. 2464.
There was no proof offered to show the value of the undivided one-fourth interest inherited by plaintiff. In the absence of this fact the claim of lesion beyond moiety must fail. LSA-C.C. Art. 2589.
*894 For the reasons expressed, the judgment of the trial court is affirmed at appellant’s cost.
Affirmed.