M. E. GIRARD *v.* CHARLES BABINEAU, Administrator.

An estate is liable for all costs incurred by an executor in endeavoring to sustain the validity of a will which is afterwards declared void. 5 L. R. 107.

But where heirs institute a direct action against the legatees, to have the will annulled, and are successful, the estate is not chargeable with the costs and charges incurred by the legatees in their attempt to sustain the will.

APPEAL from the District Court, Parish of Lafayette, *Mouton,* J.
  *M. E. Girard,* for appellant. *Eraste Mouton,* for appellee.

The District Court assigned the following reasons for the judgment in this case:

This is a suit brought by the plaintiff to recover of the defendant, as administrator of the succession of Marguerite Babineau, the sum of seven

hundred and ten dollars, for professional services alleged to have been rendered to said succession.

On the 5th of July, 1858, the plaintiff, an attorney at law, prepared, received and wrote the last will and testament of the late Marguerite Babineau, in the form of a nuncupative will, under private signature, wherein the said Marguerite Babineau bequeathed to one Narcisse De Blanc, *several slaves*, and appointed him her testamentary executor.

On the 6th January, 1859, the plaintiff, acting as attorney of Narcisse DeBlanc, filed a petition praying for the probating and homologation of said will and for letters testamentary, and on the —— of the same month and year, the heirs at law of Marguerite Babineau filed an opposition to the homologation of said will, alleging its nullity. Notwithstanding this opposition of the heirs, Narcisse DeBlanc, claiming to be testamentary executor under the will, files on said 18th of January, 1859, a petition praying for an inventory, and afterwards another for the sale of the property belonging to said succession.

On the 25th of June, 1859, the heirs of Marguerite Babineau instituted a direct action against the legatees under her will, to have the same annulled and set aside.

In this action Narcisse DeBlanc is not sued in his capacity of testamentary executor, but as one of the legatees of Marguerite Babineau, and on the same day an answer is filed by the plaintiff, for Narcisse DeBlanc and Catherine Pierre, f. w. c., and a separate answer is filed by Messieurs DeBlanc and Fusclier for other legatees. Thus issue was joined between the heirs and the legatees of Marguerite Babineau. The fee of the plaintiff for having attended to this case before the District and Supreme Courts, is five hundred dollars, beside thirty dollars paid for the printing of his brief. Relying on the ruling of the Supreme Court, in the case of *Sterlin* v. *Gros*, 5 L. R. 107, the succession of Marguerite Babineau, is sought to be made liable for the payment of this fee, as part of the costs, by the testamentray executor in maintaining the will. In the opinion of this Court, this charge does not come under the ruling of the Court in the case of *Sterlin* v. *Gros*. From the moment that all the legatees of Marguerite Babineau appeared in Court and filed their answers to the direct action brought against them to annul the will, the *contestationalities* was between them and the heirs, and not between the latter and the testamentary executor.

After the filing of the opposition to the probating of the will, the testamentary executor had no authority to employ counsel to ask a sale of the property. The only charges in the plaintiff's account that come under the ruling of the Supreme Court in the case of *Sterlin* v. *Gros*, are the following: Seventy-five dollars for petition for the probating of the will; ten dollars for the inventory, which was a conservatory act, for the benefit of both the heirs and the legatees, and ten dollars for the petition of the present defendant to be appointed administrator,

It is therefore ordered, adjudged and decreed, that the plaintiff do recover and have judgment against Charles Babineau as administrator of the succession of Marguerite Babineau, for the sum of one hundred and twenty dollars, with five per cent. interest thereon from the day the services were rendered, until paid, and the costs of this suit to be taxed.

HYMAN, C. J. It is ordered, adjudged and decreed, that the judgment of the District Court be affirmed, for the reasons given by the District Judge in rendering the same.

It is further decreed that plaintiff, who is appellant, pay the costs of this appeal.