BOLIN, Judge.
Plaintiffs, seven of ten heirs and residuary legatees of Eva Marie Troxler *185 Browne, sued Morris L. Witten, testamentary executor, and his wife to require them to account to the succession for approximately $18,000, alleged by plaintiffs to be personally owed by Mr. and Mrs. Witten to the succession; and alternatively for seven-tenths of any amount shown to be due by defendants to the succession. From judgment sustaining an exception of no right of action plaintiffs appeal.
This is the second time these parties have been before this court litigating rights relating to this succession. Previously plaintiffs attempted to be placed in possession without an administration or alternatively to disqualify Witten as testamentary executor because of charges that he and his wife, who is one of the heirs, were personally obligated to the succession. The district court dismissed such demands on exceptions, which rulings were sustained by this court and the Supreme Court (Succession of Browne, 142 So.2d 494 and 150 So.2d 555). Our previous decision held the allegations relating to a personal indebtedness by Witten or his wife to testatrix did not disqualify him as executor. Although it is conceded the succession is still under administration, the present action is filed as a separate suit and not part of the succession proceedings.
The basis of plaintiffs’ demands are best summarized by the following allegations of the petition:
* * *
7.
“That your petitioners are informed, believe and therefore allege that Mrs. Beatrice Browne Witten, acting jointly and with the concurrence, cooperation and approval of her husband, Morris L. Witten, transferred sums in excess of $18,000.00 from the funds of her principal, Mrs. Eva Troxler Browne, converting some of these funds to cash and disposing of them in a manner unknown to appearers, applying approximately $5,000.00 to the payment of community debts owed by Beatrice Browne Witten and Morris L. Witten, and transferring an additional $10,000.00 to the account of Morris L. Witten personally, at least part of which was used in the construction of improvement on the community property of Beatrice Browne Witten and Morris Witten.
8.
“That no accounting for the disposal of these funds has been made in the said succession proceeding, and your petitioners fear and believe that no accounting will ever be made for the reason that Morris L. Witten, defendant herein, is the provisional executor of the estate.”
* * *
To this petition, defendants filed an exception of no right of action on the following grounds:
* * t-
1.
“That the plaintiffs herein are the heirs and residuary legatees of Mrs. Eva Troxler Browne, whose succession is under administration by Morris L. Wit-ten, the succession representative appointed by this court in proceedings bearing number 150,425.
2.
“That the allegations of ultimate fact and the prayer of plaintiffs’ petition show that plaintiffs are seeking to enforce a right of the deceased or of her succession, while said succession is under administration.
3.
“That, therefore, in accordance with the provisions of Article 685 of the Code of Civil Procedure, plaintiffs are without any interest in the subject matter of this litigation and have no right of action to enforce a right oí the deceased or her succession.”
*186 The judgment sustaining the exception is correct. LSA-C.C.P. art. 3191 prescribes the general duties of the executor as follows:
“A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.”
Specifically applicable to the instant controversy is LSA-C.C.P. art. 685 which provides :
“Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.”
We note the following official comments under the above article:
“(a) The exception in the first sentence of this article avoids a conflict with R..S. 13:3331, permitting the administrator or executor appointed or confirmed by a court of another state to sue in the courts of this state for damages for the wrongful death of the deceased, without qualifying as ancillary administrator or executor.
“(b) This article is declaratory of the jurisprudence so far as it recognizes the right of an administrator alone to institute and prosecute a personal action. * * * It is similarly declaratory of the jurisprudence to the extent that it recognizes the right of an executor alone to prosecute a personal action. * * *»
 We feel the lawmakers have made it abundantly clear by the above codal provisions that while a succession is under administration the administrator is the sole person authorized to enforce the collection of any debt alleged to be due the succession. This leads to an orderly administration of the estate and prevents a multiplicity of suits which could result if individual heirs were allowed to prosecute claims on behalf of such estate.
Appellants contend that unless defendants-are compelled to account to the succession for their personal indebtedness to it the remaining heirs will suffer irreparable injury. They claim the lower court’s ruling has placed a cloak of immunity around the executor protecting him from any wrongdoing during his administration. The law does not so protect this executor for acts of either omission or commission during his administration. There are a number of ways these plaintiffs can force him to properly administer the estate or to recompense them for his failure to do so. We do not feel it our duty to enumerate such rca'.cdics, except to point out appellants are without a right to personally prosecute the present action which rightfully belongs to a succession presently under administration.
Finally, appellants contend in brief that the pleadings justify a declaratory judgment under LSA-C.C.P. art. 1874. Even though under our present code of civil procedure courts are not bound by the prayer of the petition, the present action cannot be classified as one merely seeking a declaration of rights; to the contrary plaintiffs seek to enforce personal rights. We, therefore, find no merit in this alternative contention.
For the reasons stated, the judgment appealed from is affirmed at appellants’ costs.
Affirmed.