REGAN, Judge.
This is an appeal from a judgment hom-ologating the third account and tableaux of distribution, submitted by Alice M. Menen-dez, testamentary executrix of the Succession of her mother, Mrs. Marie Louise Menendez, widow of Antonio Andres Men-endez.
The opponents thereof are two of decedent’s seven children, Dr. Anthony M. Menendez and Louis R. Menendez, who contest the validity of the account for two reasons:
(1) They assert that the executrix refused to pay rent for her occupancy of one of the pieces of property owned by the estate in which she has resided since her mother died. It is contended that the account should be amended to include a rental of $150.00 per month for this property.
(2) They also oppose the proposed payment of $4,000.00 on account to Lewis Giraud, attorney for the executrix, predicated on the fact that this amount includes fees for legal services rendered on behalf of Alice Menendez individually, rather than in her capacity as executrix of the estate.
Referring to the first item of opposition, the record reveals that the executrix, a femme sole, resided with her mother in 1920 St. Roch Street until her death in 1957. Thereafter the executrix continued to occupy these premises.
*828 The record also reflects that the succession’s assets consist almost entirely of rental property, which the executrix manages from her residence. Tenants are accustomed to paying their rents at this address, and the basement thereof is used to store lumber, paint, bricks, nails, and various other supplies used to repair the foregoing properties. It has always been the custom of the Menendez family to hire labor to effect repairs and furnish their own building materials, for the reason that this system proved to be more economical.
The house occupied by the executrix is a raised single, containing three bedrooms, a living room, and the other usual rooms. It is located in a neighborhood where double cottages predominate as dwellings. At the present time, the residence is in need of repairs and repainting; however, it is structurally sound.
Opponents contend that the estate possesses ample funds to renovate the house and thereafter obtain $150.00 per month rental therefor.
They further assert that the executrix owes the estate rent for the period covered by this accounting. There is no evidence in the record to establish a reasonable rental value for this house; however, its location, in our opinion, reveals that the opponents valuation thereof is excessive.
The executrix contends that her presence in the St. Roch Street property is necessary to properly administer the estate since rentals are paid there and a portion of the house is allocated for the storage of materials necessary for the preservation and maintenance of the estate’s properties. She, therefore, rationalizes that she should not be required to either vacate the premises or pay rent for her occupancy thereof.
We are not fully in accord with the foregoing contention. There exists no doubt that the estate benefits to some extent Irom her occupancy of these premises; however, we do not think that she is entitled to reside therein rent free. We are guided to this conclusion by the rationale emanating from the Succession of Wood,[1] wherein the Supreme Court permitted an-administrator to occupy an apartment owned by the estate at a rental below the actual market value thereof. The reduction was-approved by the court because it reasoned that the administrator’s presence therein was beneficial to the estate in that it saved the expense of employing someone to manage the building. However, the administrator was required to pay rent for his occupancy of the estate’s property.
We have a comparable situation to the-foregoing in this case, but since the record is devoid of any evidence tending to-establish the reasonable rental value of this', residence, we are forced to conclude that the matter should be remanded for the determination thereof. On the trial of the-remand, that portion of the residence actually used for the storage of estate materials and for the administration of its-affairs should be established, and tire executrix should then be required to pay rental' only for that portion of the residence that she occupies in her individual capacity.
Opponents finally contest the proposed distribution of $4,000.00 on account tO' Lewis Giraud, who is the attorney for the executrix. They insist that the foregoing amount includes a fee for services rendered,, not to the estate, but to Alice Menendez: individually.
This succession, from its inception, has,, unfortunately, and unwisely, been bitterly litigated, as usual, by the children of the-decedent. A brief resume of some of the-facts thereof emphasizes the above statement. After Alice Menendez qualified as-testamentary executrix, she filed a final account on September 5, 1957. On September 13, 1957, the opponents herein, her brothers, objected to the final account and' the proposed tableaux of distribution, except for the payment of the notary’s and the *829 appraisers’ fees. On September 19, 1957, the executrix obtained an order homolo-gating the account insofar as it was not opposed. On the same day, she likewise obtained an ex parte judgment of possession without informing the opponents herein of this action. The petition for possession was filed by her individually and as testamentary executrix with the approval of three of the remaining seven heirs. Thereafter, the executrix instituted a partition suit, which was served upon opponents herein, and this constituted their first notice that a judgment of possession had been obtained by her ex parte.
The opponents then instituted an action to nullify the judgment of possession predicated on the assertion that it was fraudulently obtained. The district court nullified the judgment of possession and the Supreme Court, in affirming this decree, reasoned thusly:
“Article 607 of the Code of Practice provides that a definitive judgment may be annulled in all cases where it appears that it has been obtained through fraud or ill practice on the part of the party in whose favor it was rendered. As we conclude that the appellees did not tacitly accept the succession and the appellants admit that they did not expressly do so, we find that the district court was correct in annulling and setting aside the judgment of possession. ‘This court will not countenance ill practices of this character, which clearly fall within the spirit, if not within the letter of article 607 of the Code of Practice.’ Quinn v. Brown, 159 La. 570, 105 So. 624, 626.’’
Giraud, the executrix’s attorney, testified that a portion of the $4,000.00 fee, disputed by the opponents herein, encompassed his work which involved the defense of the lawsuit which sought to nullify the judgment of possession. Giraud has already received on account a payment of $4,000.00 for legal services rendered to September 19, 1957. He related that the minimum fee of $4,838.19 was disregarded in view of the fact that the heirs were engaged in extensive litigation or, from our vantage point, a family fight. Since the nullification of the judgment of possession, Giraud has very obviously performed other services for the executrix on behalf of the estate. The account now under attack was rendered for the period beginning September 20, 1957, and ending January 31, 1961.
Opponents principally contend that the services rendered by Giraud in connection with the action of nullity were for the benefit of Alice Menendez, individually, and the other heirs seeking to uphold the judgment of possession; thus, that portion of the attorney’s fees incurred in connection therewith should not be imposed upon the estate.
The law is clear that the estate is liable only for attorney’s fees incurred by the executrix for services performed for the benefit of the estate. If legal services are rendered so as to benefit the executrix individually, then she cannot use estate-funds as compensation therefor.[2]
In defending the action of nullity,. Alice Menendez appeared individually and' as testamentary executrix as she later did in appealing the matter to the Supreme Court. In view of the fact that the Supreme Court annulled the judgment of possession because it was obtained through ill practices, we are-relegated to the conclusion that the executrix did not incur these particular attorney’s fees for the benefit of the estate. In fact,, her action in obtaining an ex parte judgment of possession merely delayed or impeded the administration of the succession.
Therefore, we are of the opinion that this case should also be remanded in order to-establish the value of the legal services rendered by Giraud in litigating the action of nullity, and then this portion of his fee *830 should be deducted from the proposed distribution of $4,000.00 to him.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from he set side, and the case is now remanded to the lower court for the purpose of introducing sufficient evidence to prove the fair rental value for that portion of the St. Roch Street property occupied by the executrix; and in addition thereto, to establish the value of legal services rendered by Giraud in connection with the action of nullity hereinabove discussed and to deduct that portion of his fee from the proposed distribution of $4,000,00 to him as attorney for the estate; and the trial judge is directed to render such judgment as is warranted after hearing the additional evidence which may be introduced on the trial of this remand.
Costs of the trial court .are to await the final determination of the litigation; costs ■in this court are to be borne by the appellee.
Remanded.

. 186 La. 181, 171 So. 843.

. Succession of Bradford, La.App., 130 So.2d 702; Girard v. Babineau, 18 La.Ann. 603; Succession of Vatter, 192 La. 657, 188 So. 732.