176 So.2d 217 (1965)
Succession of Mrs. Eva Marie Troxler BROWNE.
No. 10381.
Court of Appeal of Louisiana, Second Circuit.
May 21, 1965.
Rehearing Denied June 16, 1965.
*218 Smallenberger, Eatman & Tooke, Shreveport, for appellant.
Morgan, Baker, Skeels & Coleman, Sam V. Prunty, Jr., Shreveport, for appellee.
Before GLADNEY, AYRES, and BOLIN, JJ.
AYRES, Judge.
This appeal is from a judgment directing an amendment to the inventory of the succession of Mrs. Eva Marie Troxler Browne, deceased. Certain phases of this litigation were before us on two prior occasions (142 So.2d 494 [1962] and 153 So. 2d 184 [1963]), and once before the Supreme Court (244 La. 36, 150 So.2d 555 [1963]).
The complaints involved in this appeal relate primarily to the refusal of the trial court to order a collation of (1) $10,000 allegedly advanced by decedent to Morris L. Witten, husband of decedent's daughter, Mrs. Marie Beatrice Browne Witten, for the construction of a third bedroom and bath to the Witten home, where Mrs. Browne was at the time living; (2) approximately $3,000 expended by Mrs. Witten, as the agent of her mother, for groceries, clothing, and other items for the personal use, benefit, and pleasure of her mother; and (3) approximately $726 as *219 the value of certain items of furniture given by Mrs. Browne to her daughter, Mrs. Witten.
Mrs. Browne died testate August 26, 1961, survived by ten children, to whom, after a special bequest of $1,000 to her church, she willed her entire estate, inventoried at approximately $100,000, share and share alike. Mrs. Browne previously resided with a son in Dallas, Texas, until his death, about December, 1959, after which, and until her own death, she made her home with her daughter, Mrs. Witten.
As to the first of the enumerated items, the court held that the $10,000 was a manual gift to Morris L. Witten and observed that in no event was it subject to collation inasmuch as Witten was not one of Mrs. Browne's heirs.
The Witten home, located at 817 Captain Shreve Drive in Shreveport, of a two-bedroom design, was occupied by Mr. and Mrs. Witten and a daughter. While sufficient for the immediately family, it was, as all recognized, inadequate for another member. Witten was not financially able to enlarge his residence so as to conveniently accommodate his mother-in-law. A separate residence for her was unacceptable; Mrs. Browne desired to continue to reside with her daughter. Thereupon, Mrs. Browne gave Witten her personal check for $10,000 which he deposited to a special account in his name and expended for the construction of an additional room and bath. Thereafter, the daughter occupied this room; Mrs. Browne continued to occupy the daughter's room. The addition was therefore for the sole benefit and convenience of Mrs. Browne.
The evidence is also convincing that Mrs. Browne desired to pay for the construction and, moreover, that there was no intention that the funds should be accounted for or in any manner returned.
No contention is raised as to the form of the gift. That a check may constitute the subject matter of a manual gift is well established. LSA-C.C. Art. 1539; Succession of DePouilly, 22 La.Ann. 97 (1870); Burke v. Bishop, 27 La.Ann. 465, 21 Am.Rep. 567 (1875); Succession of Desina, 123 La. 468, 49 So. 23 (1908); Succession of Turgeau, 130 La. 650, 58 So. 497 (1912); Succession of Leroy, 157 La. 1077, 103 So. 328, 40 A.L.R. 503 (1925).
The conclusion that Mrs. Browne's check to Witten represented a manual gift of the funds is, in our opinion, correct.
Nor do we find any error in the observation that in no event could the gift be subject to collation. Collation is due only by descendants. LSA-C.C. Arts. 1227, 1228, 1235; Carroll v. Succession of Carroll, 48 La.Ann. 956, 20 So. 210 (1896); Succession of Nelson, 224 La. 731, 70 So. 2d 665 (1953).
Nor do we find from the record any basis for disagreement with the conclusion reached by the trial court that Mrs. Witten satisfactorily accounted for the expenditures of the more than $3,000 forming the subject matter of the second of the complaints. These funds were expended for Mrs. Browne's living, use, benefit, convenience, and pleasure. Having been expended for these purposes and on Mrs. Browne's instructions, no collation is due.
Lastly for consideration is the complaint listed under Item (3) as to the furniture given by Mrs. Browne to Mrs. Witten. In effect, Mrs. Browne partially refurnished the Witten home with her own furniture. That this furniture was a gift is not only established by the testimony of Mr. and Mrs. Witten but by the testimony of two or more of the other children, particularly Mrs. Lucille Browne Kennedy and Mrs. Lillian Browne Daniel. This gift consisted of household furniture, appliances, and personal effects such as are usual for parents to give a child without thought or regard to an accounting therefor. Appropriate, we believe, are the provisions *220 of LSA-C.C. Arts. 1244 and 1245, which read:

Art. 1244. "Neither the expenses of board, support, education and apprenticeship are subject to collation, nor are marriage presents which do not exceed the disposable portion."

Art. 1245. "The same rule is established with respect to things given by a father, mother or other ascendant, by their own hands, to one of their children for his pleasure or other use."
The rule is recognized that the law contemplates perfect equality among heirs and presumes that an ascendant intends such equality among his heirs. To maintain and effectuate this equality, rules with respect to collation were formulated. Such rules may be dispensed with only when the intention of the ascendant has been clearly manifested. Succession of Gomez, 223 La. 859, 67 So.2d 156 (1953).
However, under the provisions of the aforesaid articles of the Code, certain gifts are exempt from collation. By virtue of this legal exemption, an expressed intention on the part of the donor to dispense with collation of these things is not required. Thus, in the cited case, it was stated:
"When the redactors used the expression `by their own hands, to one of their children for his pleasure or other use', they were contemplating those things usual for parents of this country to give to a child without thought or regard to his having to account for them to his co-heirs. The word `pleasure' has special significance in this respect because it best describes the motive that usually prompts the giving of such things. The language the redactors chose to describe this kind of giving was broad and elastic enough to keep apace of changes in our social development."
We therefore conclude that the items constituting the subject matter of this complaint are exempt from collation.
The judgment appealed is therefore affirmed at appellants' cost.
Affirmed.