SARTAIN, Judge.
This case involves an opposition to the final tableau of distribution filed by the administrator of the Succession of Joseph E. Ocmand by one of the co-heirs of Joseph E. Ocmand, Mrs. Leland O. Case, insofar as it seeks collation by Mrs. Case of certain funds allegedly received by her from her father, Joseph E. Ocmand, prior to his death. The administrator appeals from a judgment of the district court which held the various items sought to be collated not subject to collation.
The record shows that Mr. Joseph Ebro Ocmand died on June 13, 1971 and John D. Ocmand was appointed administrator of his succession on August 31, 1971. John D. Ocmand, Mrs. Inez Ocmand Frederick, and Mrs. Leland Ocmand Case are the heirs of Joseph E. Ocmand. Joseph E. Oc-mand’s wife pre-deceased him and for approximately six months prior to his death Mr. Ocmand lived with his daughter, Mrs. Leland O. Case.
During the course of the administration of this succession the administrator discovered that certain checks had been written by the deceased payable to Mrs. Leland O. Case and when the detailed descriptive list of the assets of the succession was filed these items for which collation is sought were set forth as follows:
“Items to be collated or brought back to the estate to determine the Active Mass under 1505 Civil Code and Succession of Gomez 78 So.2d 411 (1955) and 67 So.2d 156 (1953):
“1. Check February 4, 1971 to Leland Case for $67.00 drawn by J. E. Ocmand on Citizens Bank & Trust Co.-$ 67.00
“2. Check May 12, 1971 to Mrs. Leland Case for $105.00 on same bank -$ 105.00
“3. Check March 3, 1971 for cash received by Leland O. Case in amount of $2,500.00 ($500.00 held back out of $2,000.00 savings deposit at Iberville Savings Bank) --- 2,500.00
“4. Check March 23, 1971 for $5,000.00 to cash endorsed by Mrs. Harry Case- 5,000.00
“5. Check May 25, 1971 for $500.00 received by Mrs. Harry Case-$ 500.00
“6. Balance not covered by $2,000.00 deposit in Iberville Savings Account withdrawn by Mrs. Leland O. Case-$ 147.13
“Total Collation required by Leland O. Case-$8,319.13”
On October 19, 1971 Mrs. Leland O. Case paid to the succession the amount of $2,147.13 which represented the amount of withdrawals by her from the savings account of Mr. Joseph E. Ocmand. The final tableau of distribution was filed on May 19, 1972 and shows the amount for which collation is sought to be $6,172.00. Mrs. Leland O. Case filed an opposition to this tableau of distribution alleging that *857 she did not have any funds belonging to-the estate in her possession and thus no collation was due by her. She also asserted that she should be allowed to participate in the distribution of her father’s estate to the full extent of her one-third share of the entire balance of all property in the hands of the administrator.
After a hearing was held on the opposition, the trial court rendered judgment holding that the March 23, 1971 check for $5,000.00 received by Mrs. Case was a valid gift from her father and was not subject to collation. The trial court also held that the other items sought to be collated represented funds expended by Mrs. Case for the use and benefit of her father under his instructions during his lifetime and as such were also not subject to collation.
Appellant, the administrator, alleges that the trial court erred in holding the $5,000.-00 gift not subject to collation and in denying collation of the other items sought to be collated.
Appellant contends that collation is due for the following items: (1) the $5,000.00 gift by check dated March 23, 1971, (2) the $105.00 check dated May 12, 1971, (3) the $500.00 check dated May 25, 1971, (4) the $2,500.00 check dated March 3, 1971, and (5) the $67.00 check dated February 4, 1971. We will discuss each item in the order listed.
1. The $5,000.00 Check of March 23, 1971
The facts surrounding this transaction show that at the time this check was written Joseph E. Ocmand was 83 years old and was living with Mrs. Leland O. Case and her husband, Mr. Harry Case. According to the testimony of Mrs. Leland O. Case, on the morning of March 23, 1971 she was preparing to leave her home to go downtown when her father, Joseph E. Oc-mand, called her into the parlor and told her that he wanted to give her something. Mrs. Case states that her father told her he wanted to give her $5,000.00 and he asked her to write a check for that amount. Mrs. Case wrote out the check payable to “Cash” and Mr. Ocmand signed the check. Mrs. Case endorsed the check as Mrs. Harry Case. The check was cashed and Mr. Ocmand delivered the $5,000.00 in cash to Mrs. Case. Her testimony concerning this gift is corroborated by the testimony of her husband, Mr. Harry Case, and her daughter, Mrs. Bonnie Marie Lefebvre, both of whom were present at 'the time.
Appellee, Mrs. Case, contends that this was a manual gift from her father for her own use and pleasure and thus is exempt from collation under the provisions of C.C. Articles 1244 and 1245 which read as follows :
“Art. 1244. Neither the expenses of board, support, education and apprenticeship are subject to the collation, nor are marriage presents which do not exceed the disposable portion.
“Art. 1245. The same rule is established with respect to things given by a father, mother or other ascendant, by their own hands, to one of their children for his pleasure and other use.”
Appellant contends that the trial court erred in holding this gift not subject to collation. Appellant argues that Mrs. Case has not shown that her father intended this gift to be exempt from collation by the requisite degree of proof necessary to overcome the strong presumption in favor of collation.
Our law contemplates perfect equality among heirs and presumes that an ascendant intends such equality. C.C. Art. 1229. To this end the rules of collation were formulated. Milano v. Milano, 243 So.2d 876 (1st La.App.1971). Collation is the fictional or real return of property to a succession made by an heir who may have received advances by donation or otherwise during the lifetime of the decedent. C.C. Art. 1227; Successions of Scardino, 215 La. 472, 40 So.2d 923 (1949); Milano v. *858 Milano, supra. Collation is always presumed where it has not been expressly forbidden by the donor. C.C. Art. 1230.
In the case of Succession of Gomez, 223 La. 859, 67 So.2d 156 (1953) collation of numerous manual gifts of cash was sought. The gifts there in question were monthly cash payments given by the deceased to her daughter throughout a sixteen year period. The donee-heir contended that since the cash payments were manual gifts they should be held exempt from collation. In requiring collation of these gifts the Supreme Court stated:
“In this case we could solve the problem in one of two ways. First, we could hold that, since the manual gift (for which no form is required) is not exempt by law from collation, its dispensation from collation must be established in the manner and form provided by Article 1232 of our Civil Code, that is, by a declaration that the donation is an advantage or extra portion made in a written act before a notary and two witnesses. Second, we could hold that the donor’s intent to dispense collation of a manual gift could be established by the facts and circumstances of the case. Under this latter holding the donee would have the burden of establishing the intent to dispense by strong and convincing proof so as to overcome the presumption of collation, for under our law, where the donor has remained silent, collation is always presumed. Art. 1230, Civil Code.” (67 So.2d at 163-164).
The Supreme Court went on to hold that under either theory collation would have to be ordered in that case.
Likewise, we find that in the case at bar the $5,000.00 gift is subject to collation under either theory set forth in the Gomez case. There was no evidence whatsoever of any written act before a notary and two witnesses by Mr. Ocmand dispensing with the requirement of collation as to this gift. Although the testimony of Mrs. Leland O. Case, corroborated by the testimony of her husband and her daughter, adequately establishes that Mr. Ocmand did make this donation to Mrs. Case by way of a manual gift, we find that this record does not contain the “strong and convincing proof” required to indicate a dispensation of the requirement of collation with respect to this gift.
Appellee cites the case of Succession of Browne, 176 So.2d 217 (2nd La.App.1965), writ denied 248 La. 365, 178 So.2d 656 (1965) in support of her contention that the circumstances surrounding this donation indicate that this gift was made to Mrs. Case without any expectation that it should be returned to the estate. In Browne, our Brothers of the Second Circuit held that the donations by the deceased of household furniture, appliances and personal effects to one of her daughters were such gifts as are usual for a parent to give to one child and thus were exempt from collation. Appellee contends that such is the nature of the $5,000.00 gift in the case at bar. We cannot agree. The value of the gifts in Browne was placed at only $726.00, whereas the gift in the instant case was $5,000.00. There was even testimony from Mrs. Case to the effect that her father was not accustomed to giving large sums of cash to his children. We find that the gift in the instant case was not a gift that could be classed as usual for the parent to give to one child without her having to account to her coheirs.
Therefore, the judgment of the trial court insofar as it holds this $5,000.00 gift exempt from collation must be reversed.
As to the remaining items 2-5 for which collation is sought, appellee contends and the trial court held that the evidence adequately establishes that these funds were expended for Mr. Ocmand’s use and benefit under his instructions while he was still alive and thus no collation should be required of these items.
*859 Appellant contends that Mrs. Case has not adequately shown that these funds were spent for Mr. Ocmand and under his direction. Appellant also contends that if the checks represent payment of alleged debts of the decedent then under R.S. 13:3721 parol evidence should not have been admitted concerning these items because the appellee as a creditor did not oppose the tableau of distribution on the ground that it did not include the said debts in question.
We find no merit in this latter contention of appellant. The provisions of R. S. 13:3721 would be applicable to claims against the estate for debts which were still outstanding following the decedent’s death. Such is not the case herein. Our review of the record discloses that each of the debts represented by items 2-5 were paid by Mrs. Case with her father’s funds during his lifetime and therefore could not be proper subjects of a claim against the estate. Thus, the prohibition against the use of parol evidence contained in R.S. 13:3721 has no application to the testimony offered by Mrs. Case concerning these items.
It has been held that where funds of the deceased are expended by an heir for the use and benefit of the deceased during his lifetime and upon his instructions, no collation is due by the heir for the amounts so expended. Succession of Browne, supra.
The trial court held that the testimony of Mrs. Case adequately established that the funds she received from the remaining items 2-5 were spent for her father and under his direction. In order to ascertain the correctness of this ruling we must examine her testimony concerning the expenditures of the funds received from these items.
2.The $105.00 Check Dated May 12, 1971
This check was made payable to Mrs. Leland O. Case and was signed by Mr. Oc-mand. The check was written shortly before Mr. Ocmand’s last illness. Mrs. Case frankly stated that she could not testify exactly what the check was for, but that it was probably written to reimburse her for medicine and some other little things which her father had purchased and she had paid for.
3. The $500.00 Check Dated May 25, 1971
This check was made payable to “Cash” and Mrs. Case testified that originally this money was to have been spent on repairing or replacing an air conditioner in Mr. Oc-mand’s home. However, Mr. Ocmand was hospitalized shortly after this check was written and Mrs. Case stated that she was told by her father to deposit this money in her account in order that she might pay any bills incurred on his behalf. Mrs. Case testified that her father told her to pay Bonnie Marie Lefebvre $100.00 for expenses incurred in installing new electric lines in his home and to pay Jay Lefebvre $50.00 for painting two rooms in the home; which amounts Mrs. Case paid out of this $500.00. Mrs. Case further testified and produced cancelled checks drawn on her account showing the expenditures made out of the- remainder of this $500.00 in the amounts of $60.00 for hired help, $61.25 paid to Artie Barbay for nursing services to Mr. Ocmand, $39.00 for the phone bill, another $89.25 for nursing services to Mr. Ocmand, $30.00 for the electricity bill, $20.00 to Charles Pirello for moving an air conditioner, $15.75 to Sears for repairing the refrigerator, $7.90 to the City Light and Water Plant, and $7.00 to Johnny Taylor for yard work. While the total of these expenditures does not reflect every penny of the $500.00, the testimony does adequately establish the manner in which these funds were spent and that the funds were expended for the use and benefit of Mr. Ocmand pursuant to his instructions.
4. The $2,500.00 Check Dated March 3, 1971
*860 With regard to this check Mrs. Case testified that $2,000.00 was deposited in a joint savings account maintained in the names of Mrs. Leland O. Case or Joseph E. Ocmand on the same day that the check was cashed. Mrs. Case has voluntarily paid the estate $2,000.00 from this account and thus only the $500.00 is left to be accounted for. Mrs. Case and Bonnie Marie Lefebvre testified that when the check was cashed Mr. Ocmand retained $500.00 and deposited the remaining $2,000.00 in the joint savings account. Mrs. Case stated that Mr. Ocmand gave her $100.00 to pay for her help and told her he was going to keep the remaining $400.00 because he was not receiving his checks regularly.
5. The $67.00 Check Dated February 4, 1971
This check was made payable to Mrs. Leland Case and was cashed by her. Mrs. Case testified that this check represented reimbursement by her father of funds expended by her on his behalf and under his instructions. She stated that Mr. Ocmand gave her this check to repay her for a $25.00 donation made to the St. John Evangelist Church for him. The check also represented repayment of $36.00 paid to the church by her for her father in order that twelve masses could be said for her deceased mother. The remaining $6.00 was reimbursement for a small purchase made by Mrs. Case for her father at a local grocery store.
In view of the explanations given by Mrs. Case concerning the expenditures of the funds received by her from items 2-5 we concur in the conclusion reached by the trial court that she has satisfactorily accounted for these funds and has shown that they were expended for the use and benefit of Mr. Ocmand while he was alive and pursuant to his instructions. Therefore, no collation is due for these items.
Accordingly, for the above reasons, the judgment of the District Court insofar as it holds no collation to be due the Succession by Mrs. Leland O. Case for the $5,000.00 gift of March 23, 1971 is reversed and it is ordered that Mrs. Leland O. Case be compelled to collate this amount. In all other respects, the judgment of the District Court is affirmed. Costs of this appeal are assessed one-half against Mrs. Leland O. Case and one-half against the Succession.
Reversed in part, affirmed in part and rendered.