WATKINS, Judge.
This is an action for collation. The trial court required that Sammy Lee Pizzillo, adopted son of Mrs. Rosa Lee Lofaso Pizzil-lo, collate the sum of $19,000.00. We affirm.
Mrs. Pizzillo died on October 20, 1977, leaving a will in nuncupative form by private act, which was duly admitted to probate. The will left Sammy Lee Pizzillo the disposable portion of decedent’s succession, as well as his legitime, and directed that the rest of decedent’s property be distributed according to law. Decedent left three other children and forced heirs, Mrs. Josephine Pizzillo Milazzo, Mrs. Annette Pizzillo Pro-vencher, and Mrs. Marie Stella Pizzillo Shahbazian. These three children demanded collation of inter vivos donations made by decedent to Sammy Pizzillo.
At the trial, Sammy Pizzillo was called on cross-examination. He testified that his mother had used $15,000.00 for his and his wife’s home, in which she lived together with them. She paid $3,000.00 toward the purchase of a 1966 Dodge automobile, and more recently $1,000.00 toward the purchase of a camper. Called on direct, Sammy Pizzillo testified that his mother had lived with him until she died. He further testified that the car was used for his mother’s benefit also, and that he, his wife, his little boy, and his mother had lived in the camper for about three weeks in Mississippi. He then moved the camper to False River and “all of us would go down there”.
Collation is always presumed where it has not been expressly forbidden by the donor. LSA-C.C. art. 1230; Succ. of Ocmand, 281 So.2d 855 (La.App. 1st Cir. 1973). Appellant contends, however, that the gifts for the house, car and camper were gifts by the mother for her use and pleasure, and were thus not subject to collation. See LSA-C.C. art. 1245; Succ. of Browne, 176 So.2d 217 (La.App. 2nd Cir. 1965); Succ. of Ocmand, supra. We hold that Mr. Pizzillo’s attempted explanation of the gifts is insufficient in that it is too general and vague to prove that they were for the mother’s use and benefit, and, as we have seen, the burden rests on him so to prove. The record contains no other testimony that could tend to prove that the gifts were for the mother’s use and benefit. Furthermore, we note that the net value of decedent’s estate as shown in the descriptive list filed May 2, 1978, was $15,302.32. Certainly, a comparison of the values of the gross estate and the amount of the gifts ($19,000.00) shows that the heirs were treated extremely unequally, and further buttresses the case for collation. In Succ. of Ocmand, supra, the court held that a gift of $5,000.00 was too large for it to be considered a gift by a parent to a child for the parent’s use and benefit, and, thus, it could not be considered a gift for which the child would not have to account to his co-heirs. Surely, in the present case, there is an even stronger factual situation for requiring collation. We, therefore hold that the trial court properly required collation of the sum of $19,000.00 in inter vivos donations.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.