JONES, Judge.
Appellant, Sheridan Francis appeals the trial court’s judgment ordering her to return funds which she removed from the estate of her mother and assessing legal costs to the estate. Appellee and succession administra-trix, Carolyn Domingo, appeals the trial court’s judgment finding that amounts Ms. Francis received in repayment of a loan and as proceeds on an IRA were not due the estate.
This appeal arises from the succession of Lillian Berggren Durabb. Mrs. Durabb suffered a stroke on February 7, 1982. Her husband, Walter Elmo Durabb, died on June 29, 1981. There are three heirs to the succession namely, appellant, Sheridan Francis, Lillian S. Haber and appellee, Carolyn D. Domingo, the succession administratrix.
Appellant was an agent under a Power of Attorney executed at the hospital after her mother suffered a stroke. She acted on her mother’s behalf through that Power of Attorney until her mother’s death. During her mother’s illness, and up until the time of death, appellant managed her mother’s affairs. She resided with her mother on St. Roch Street and cared for her during this time.
There was a dispute amongst the heirs to the estate regarding an IRA account, converted from a KEOGH account, left by Mr. Durabb to his wife. The trial court ruled that the Power of Attorney executed by appellant was valid and that she had the authority to execute an IRA application naming her as the beneficiary. The trial court’s ruling was appealed and affirmed by this Court. 542 So.2d 220 (La.App. 4th Cir.1989). Since that time, the trial court has conducted hearings on various legal issues involved in the administration and distribution of this estate. This appeal is pursuant to the trial court’s September 25, 1992 judgment.
By her first assignment of error, appellant argues that it was error for the trial court to order her to return $43,806.25 to her mother’s estate when that money was expended for the benefit of her mother during her lifetime. Succession of Ocmand, 281 So.2d 855 (La.App. 1st Cir.1973). She also relies on La.C.C. article 3006 which provides that an attorney cannot be sued for what he does with good intention. Appellant argues that she should not be required to account for every penny that was spent.
Appellee argues that only $24,655.73 was deposited in appellant’s account prior to her mother’s death. Appellee argues that appellant did not prove that this sum was used to take care of the expenses of her mother while decedent was alive.
Appellant submits that, once the decedent died, she was forced to borrow money from others in order to maintain the estate property for the benefit of herself and the other heirs. She argues that $13,500.00, a portion of the disputed funds deposited into her account after her mother’s death, represented money she borrowed from a neighbor, Mrs. Elsie Schmidt and from her daughter, Maria Francis Montgomery. Although there was testimony by these witnesses that money was lent to appellant, the trial court evidently was not satisfied that this money was deposited into appellant’s account and used for the benefit of appellant’s mother or her property. In the absence of proof to the contrary, we find no error with the trial court’s finding.
Furthermore, the trial court proposed to appoint a certified public accountant to do an overall audit of decedent’s accounts and report back to the court. The parties would be ordered to turn every check over to the accountant and the matter would be reset upon completion of the audit. The parties declined the trial court’s proposal, contending that they could reconcile the matter themselves. The trial court’s ruling was therefore based on what evidence the parties submitted and it was not adequate to support appellant’s contentions.
Appellee complains about the trial court’s ruling that $7,084.75 withdrawn by Sheridan D. Francis from the joint account No. 1730 of Pelican Homestead was the property of appellant’s and not to be accounted for nor returned to the succession. Appellee relies on Succession of Broussard, 306 So.2d 399 (La.App. 3d Cir.1975) in arguing that $7,084.75 does not constitute repayment of a *1326 loan made in 1972 because after thirteen years the loan would have prescribed.
In the trial court’s reasons for judgment it wrote:
There is no dispute about Mrs. Francis having withdrawn $7,084.72 from the joint Pelican Account No. 1730 on February 8, 1985, the date that her mother died. The evidence established that this amount represents the balance that remained from a $10,000.00 insurance policy, wherein Mrs. Francis was the named beneficiary and that she loaned this money to her mother. That is the reason why the account was in the joint names of her mother and herself. This sum of, $7,084.72 should not be accounted for or returned to the Succession.
Appellant argues that she evidenced the source of the loan with the original Equitable Life Assurance Society, New Orleans Public Service, Inc. policy naming her as beneficiary. We find no error with the trial court’s ruling.
Additionally, appellant contends that the amount of the loan was included in the $43,-806.25 that the trial court ordered appellant to return to the estate. This amount, which appellant contends should not be returned to the estate, should be reduced to $36,721.53. However, the trial court found that appellant withdrew a total of $74,486.60 from decedent’s account; some of which, including the loan, she was able to account for. The $43,-806.25 figure represents only that amount appellant could not account for. Appellant’s complaint lacks merit.
By her second assignment of error, appellant argues that the succession representative was prosecuting an individual claim relative to the dispute over decedent’s IRA account and attorney’s fees associated with that litigation and that these costs should be charged to the succession administratrix, personally, and not to the estate. She relies on Succession of Bradford, 130 So.2d 702 (La.App. 2d Cir.1961); Succession of Menendez, 160 So.2d 827 (La.App. 4th Cir.1964) and Succession of Rosenthal, 369 So.2d 166 (La. App. 4th Cir.) writ denied, 371 So.2d 1345 (La.1979).
Appellee argues that the adjudication of whether the IRA was a succession asset was justified because of suspect conduct on the part of Ms. Francis and the potential for fraud inherent with an “agent dealing with herself.” La.C.C.P. article 3211, 3191; Succession of Skye, 417 So.2d 1221 (La.App. 3d Cir.) writ denied, 422 So.2d 165 (La.1982). The attorney for the succession administra-trix testified:
... in representing the Administratrix under 3191, that we needed to check, preserve and manage and maintain the estate. And that was to bring in as many assets as we can. And if the IRA went into the estate, it would benefit all of the heirs.
The trial court ruled that whether expenses associated with the IRA litigation were chargeable to the estate was a legal matter. By its judgment, the trial court concluded that the administratrix’s claim was justified in the instant case. We agree.
By her only other assignment of error, appellee argues that in the absence of a will, the alleged gift of $78,676.34 in IRA proceeds to Sheridan Francis is eollatable and is deemed in satisfaction of her forced share. La.C.C. articles 888 and 1505(D). Appellant responds that La.C.C. article 1505(D) provides that IRA benefits are not subject to the claims of forced heirs.
Louisiana Civil Code Article 1505(D) provides for the calculation of the disposable portion on the mass of a succession. Sub-paragraph “D” states:
Employer and employee contributions under any plan of deferred compensation adopted by any public or governmental employer or any plan qualified under Sections 401 or 408 of the Internal Revenue Code, and any benefits payable by reason of death, disability, retirement, or termination of employment under any such plans, shall not be included in the above calculation, nor shall any of such contributions or benefits be subject to the claims of forced heirs. However, the value of such benefits paid or payable to a forced heir, or for the benefit of a forced heir, shall be deemed applied and credited in satisfaction of his forced share.
*1327 Section 408 of the Internal Revenue Code deals specifically with Individual Retirement Accounts. A qualified IRA would fall under the exclusion above quoted. Therefore, we find that the trial court was correct in excluding the amount of the IRA proceeds from the mass of the succession, however the amount received by appellant in IRA proceeds will act as a credit towards her forced portion of her mother’s estate.
For the foregoing reasons the trial court’s judgment is affirmed.
AFFIRMED.